## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:21-cr-16-21 |
| | ) | |
| v. | ) | JUDGE MARILYN J. HORAN |
| | ) | |
| TIMOTHY MOLLETT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

I.    **Introduction**

Pending before the Court is Defendant Timothy Mollett's ("Mr. Mollett") Motion to Dismiss Count Thirteen ("Count XIII") of the Superseding Indictment, charging him with violating Title 18, United States Code, Section 922(g)(1). (ECF No. 1600). Mr. Mollett's Motion is fully briefed and thus ripe for disposition. (ECF Nos. 1600, 1675).

At bottom, Mr. Mollett argues that Section 922(g)(1)—the statutory provision that criminalizes the possession (in or affecting commerce) of a firearm or ammunition by a convicted felon—is (1) unconstitutional as applied to him, (2) unconstitutional on its face, (3) unconstitutionally vague, and (4) rooted in an unduly expansive view of Congress's Commerce Clause power. (ECF No. 1600). Because each of these arguments is unavailing, the Court **DENIES** Mr. Mollett's Motion to Dismiss.

II.    **Background**

On November 9, 2021, a Federal Grand Jury returned a Superseding Indictment, charging Mr. Mollett with four offenses. (ECF No. 453).

Specifically, at Count One, ("Count I"), the Grand Jury charged Mr. Mollett and thirty-one alleged co-conspirators with conspiracy to distribute and possess with intent to distribute 1 kilogram or more of a mixture and substance containing a detectable amount of heroin; 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine; 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack; 400 grams or more of a mixture and substance containing a detectable amount of fentanyl; 50 grams or more of methamphetamine; and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), 841(b)(1)(A)(vi), and 841(b)(1)(A)(viii), in violation of Title 21, United States Code, Section 846. (ECF No. 453 at 2–3; ECF No. 454 at 2).

At Count Six ("Count VI"), the Grand Jury charged Mr. Mollett with possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine; 40 grams or more of a mixture and substance containing a detectable amount of fentanyl; and quantities of mixtures and substances containing detectable amounts of heroin, crack cocaine, and methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(ii), 841(b)(1)(B)(vi), and 841(b)(1)(C). (ECF No. 453 at 8; ECF No. 454 at 3).

At Count Thirteen ("Count XIII"), the Grand Jury charged Mr. Mollett with possession of firearms and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1). (ECF No. 453 at 15; ECF No. 454 at 3). Specifically, the Grand Jury found that Mr. Mollett had previously been convicted of three counts of "manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance[.]" (ECF No. 453 at 15).

Finally, at Count Fourteen ("Count XIV"), the Grand Jury charged Mr. Mollett with possession of a firearm in furtherance of drug trafficking crimes, namely the offenses at Counts I and VI, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). (ECF No. 453 at 16; ECF No. 454 at 3).

On April 16, 2024, Mr. Mollett filed his Motion to Dismiss Count XIII of the Superseding Indictment. (ECF No. 1600). On June 18, 2024, the Government filed its Response in Opposition. (ECF No. 1675).

## III.    Discussion

### A.    Standard of Review

Rule 12(b)(1) of the Federal Rules of Criminal Procedure provides that a "party may 'raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits.'" *United States v. Easley*, No. 24-CR-152, 2024 WL 4821471, at *2 (E.D. Pa. Nov. 18, 2024) (quoting Fed. R. Crim. P. 12(b)(1)). With respect to an as-applied challenge, such an attack "does not contend that a law is unconstitutional as written[,] but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010). Conversely, a "facial attack tests a law's constitutionality based on its text alone and does not consider the facts or circumstances of a particular case." *Id.* A party "asserting a facial challenge 'must establish that no set of circumstances exists under which the Act would be valid.'" *United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). That is, such a party must show "that the statute is unconstitutional in all of its applications." *Id.* Finally, a "criminal statute is impermissibly vague only if it 'fails to provide a person of ordinary intelligence fair

notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.'" *United States v. Addison*, No. 2:23-CR-118, 2024 WL 4278289, at *5 (W.D. Pa. Sept. 24, 2024) (quoting *United States v. Williams*, 553 U.S. 285, 304 (2008)).

**B.    Second Amendment Caselaw**

The Second Amendment to the United States Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of people to keep and bear Arms, shall not be infringed." The Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), followed its prior landmark Second Amendment decisions of *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. 742 (2010). In *Heller* and *McDonald*, the Supreme Court "recognized that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun in the home *for self-defense.*" *Bruen*, 597 U.S. at 8–9 (emphasis added). In *Bruen*, the Supreme Court held, "consistent with *Heller* and *McDonald*, that the Second and Fourteenth Amendments protect an individual's right to carry a handgun *for self-defense* outside the home." *Id.* at 10 (emphasis added). The *Bruen* Court held that, New York City's requirement that a citizen show "proper cause" to carry a handgun in public, violates the Constitution, because it "prevents law-abiding citizens *with ordinary self-defense needs* from exercising their right to keep and bear arms." *Id.* at 71 (emphasis added).

Relevant to the instant Motion to Dismiss, the *Bruen* Court also held that the standard for a Second Amendment analysis is as follows: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects the conduct." *Id.* at 24, 32 ("We therefore turn to whether the plain text of the Second Amendment protects [petitioners']

proposed course of conduct—carrying handguns publicly *for self-defense*.") (emphasis added). If a Court determines that the conduct being regulated is presumptively protected by the Second Amendment, then to justify the regulation, "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19. "Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's [protection]." *Id.* at 17.

In *United States v. Rahimi*, 602 U.S. 680 (2024), the Supreme Court clarified the methodology for resolving Second Amendment challenges under *Bruen*. *Rahimi* reaffirmed that the Second Amendment requires firearm regulations to be consistent with "historical tradition[.]" *Id.* at 691 (quoting *Bruen*, 597 U.S. at 24). With respect to the challenged statue at issue in *Rahimi*, Section 922(g)(8), which prohibits firearm possession by individuals subject to a domestic violence restraining order, the Court held that it does not violate the Second Amendment facially, or as applied. *Id.* at 693. The Supreme Court explained that, since the Founding, "our Nation's firearm laws have included provisions preventing individuals who threaten physical harm to others from misusing firearms." *Id.* at 690. The Supreme Court held that Section 922(g)(8) is constitutional because it "is 'relevantly similar' to those founding era regimes in both why and how it burdens the Second Amendment right." *Id.* at 698 (quoting *Bruen*, 597 U.S. at 29).

Finally, in *Range II*, a declaratory judgment proceeding, the *en banc* Third Circuit Court addressed the constitutionality of 18 U.S.C. Section 922(g)(1), as applied to the plaintiff, Bryan Range ("Mr. Range"). *Range v. Attorney General*, 124 F.4th 218 (3d Cir. 2024). Section 922(g)(1) barred Mr. Range from possessing firearms, because he had previously "pleaded guilty in the

Court of Common Pleas of Lancaster County to one count of making a false statement to obtain food stamps in violation of Pennsylvania law." *Id.* at 222-23 (citing 62 Pa. Stat. Ann. § 481(a)). Mr. Range sought "a declaration that § 922(g)(1) violates the Second Amendment as applied to him" and an "injunction prohibiting the law's enforcement against him." *Id.* at 223. Mr. "Range assert[ed] that but for § 922(g)(1), he would 'for sure' purchase another *deer-hunting* rifle and 'maybe a shotgun' *for self-defense* at home." *Id.* (emphasis added).

The *Range* Court applied *Bruen* to determine whether § 922(g)(1) was constitutional as applied to Mr. Range. First, the Court found that "*Heller* and its progeny lead us to conclude that [Mr.] Range remains among 'the people'[protected by the Second Amendment] despite his 1995 false statement conviction." *Id.* at 228. Next, the *Range* Court found that "the Constitution presumptively protects" Mr. Range's proposed conduct, "to possess a rifle *to hunt* and a shotgun *to defend himself* at home[.]" *Id.* (emphasis added). Therefore, the burden shifted to the government to show that "§ 922(g)(1), as applied to [Mr. Range], 'is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.'" *Id.* (quoting *Bruen*, 597 U.S. at 19). After reviewing the government's historical evidence and arguments, the *Range* Court concluded "that the Government has not shown that the principles underlying the Nation's historical tradition of firearms regulation support depriving Mr. Range of his Second Amendment right to possess a firearm." *Id.* at 232 (citing *Rahimi*, 602 U.S. at 692 and *Bruen*, 597 U.S. at 17). The *Range* Court succinctly summarized its holding, stating that, "[b]ecause the Government has not shown that our Republic has a longstanding history and tradition of depriving people like [Mr.] Range of their firearms, § 922(g)(1) cannot constitutionally strip him of his Second Amendment rights." *Id.*

The Court described its decision as "narrow," addressing the constitutionality of § 922(g)(1) only as applied to Mr. Range. *Id.*[1]

### C.    Scope of the Record

Before turning to the merits of Mr. Mollett's Motion, the Court must address one additional matter—the scope of the record that it will consider in disposing of his Motion, and particularly Mr. Mollett's as-applied challenge to Section 922(g)(1).

First, the Court will consider and take as true the factual allegations set forth in the Superseding Indictment at ECF No. 453. *United States v. Huet*, 665 F.3d 588, 601 (3d Cir. 2012) (noting that, in "assessing [defendant's] constitutional challenge [to a charge properly brought under Section 922(g)(1) & § 2] on appeal, we are limited to determining whether, based on the allegations in the Indictment—and only the allegations in the Indictment—[defendant's] Second Amendment rights have been violated"); *United States v. Craig*, No. 21-CR-338, 2024 WL 449386, at *2 (W.D. Pa. Feb. 6, 2024) (noting that *Huet* was reversed on other grounds and applying the standard above from *Huet* in resolving a defendant's argument that being charged with an offense under Section 922(g)(1) violated his Second Amendment rights).

Second, in resolving Mr. Mollett's as-applied challenge, the Court will consider his criminal record, including the fact that he was on probation at the time he possessed the firearms set forth in Count XIII of the Superseding Indictment. Indeed, the Government has represented that Mr. Mollett was on probation "at the time of the charged conduct" in this matter. (ECF No.

---

[1] Notably, the Third Circuit observed that the Government had not tried to justify disarming Mr. Range on the ground that he was physically dangerous. *Range*, 124 F.4th at 230 (explaining that the Government had "no evidence that [Mr. Range] pose[d] a physical danger to others or that food-stamp fraud is closely associated with physical danger").

1675 at 17). That representation is significant because the Third Circuit recently held that Section

922(g)(1) is "constitutional as applied to convicts on parole or probation." *United States v. Quailes*,

126 F.4th 215, 224 (3d Cir. 2025). Further, there is precedent, with which this Court agrees, for

considering a defendant's criminal record when analyzing an "as-applied challenge to a pending

charge under § 922(g)(1)." *United States v. Adams*, No. 3:23-CR-122, 2024 WL 54112, at *2 (M.D. Pa.

Jan. 4, 2024) ("In this case, the court will consider defendant's criminal records and only those

records in disposing of defendant's motion to dismiss.") (emphasis added); *United States v. Birry*,

No. 3:23-CR-288, 2024 WL 3540989, at *6 (M.D. Pa. July 25, 2024) (considering public record of

defendant's sentence to support conclusion that defendant "remained on county probation at the

time of his indictment in this case"); *see also United States v. Williams*, 113 F.4th 637, 662 (6th Cir.

2024) (noting that a "court can accept prior convictions without an evidentiary hearing or jury

fact finding") (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 228–39 (1998)). Therefore,

because: (1) Third Circuit precedent indicates that a Section 922(g)(1) charge is constitutional as

applied to an individual on probation and (2) there is precedent for considering a defendant's

criminal record, including the fact that he was on probation at the time he possessed a firearm

leading to a 922(g)(1) charge, when weighing an as-applied challenge to that charge, the Court

will consider Mr. Mollett's criminal record and the fact of his active probation status in this case.

*Adams*, 2024 WL 54112, at *2.[2]

---

[2] Very recently, the Third Circuit held that Courts "adjudicating as-applied challenges to § 922(g)(1) must consider a convict's entire criminal history and *post-conviction conduct indicative of dangerousness*, along with his predicate offense and the *conduct giving rise to that conviction*, to evaluate whether he meets the threshold for continued disarmament." *Pitsilides v. Barr*, ---F.4th---, 2025 WL 441757, at *6 (3d Cir. Feb. 10, 2025) (emphasis added). Notably, the Third Circuit made this statement in the context of an appeal in a declaratory judgment action. *Id.* at *1. Accordingly, it is not clear to the Court whether this statement applies with equal force in the context of an as-applied challenge brought via a motion to dismiss an indictment.

In light of the foregoing, and based on public court documents, as well as the fact that Mr. Mollett has not disputed the Government's representation that he was on probation when he possessed the firearms and ammunition that are the subject of Count XIII, the Court finds that the Government correctly represented Mr. Mollett's probation status. (ECF No. 453 at 15).[3]

In sum, in disposing of Mr. Mollett's as-applied challenge to Section 922(g)(1), the Court will consider the factual allegations in the Superseding Indictment, Mr. Mollett's criminal records, including his actual probation status, and the arguments and representations he offers in his Motion at ECF No. 1600.

### D.    Analysis

#### 1.    Mr. Mollett's As-Applied Challenge Fails Because the Constitution Does Not Protect His Conduct

The first question that the Court must address is "whether 'the Second Amendment's plain text covers [Mr. Mollett's] conduct.'" *Pitsilides v. Barr*, ---F.4th--- 2025 WL 441757, at *4 (3d Cir. Feb. 10, 2025) (quoting *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022)). Here, the parties agree that Mr. Mollett is "one of 'the people'" protected by the Second Amendment. (ECF No. 1600 at 4; ECF No. 1675 at 14). However, the Government argues that Mr. Mollett's conduct is not protected by the Second Amendment, because that Amendment "does not protect

---

*Id.* at *5 ("[W]hatever other recourse may or may not be available, felons seeking to challenge the application of §922(g)(1) at least may bring declaratory judgment actions.").

[3] The Court has verified Mr. Mollett's probation status using publicly available judicial records. *Case Search,* THE UNIFIED JUDICIAL SYS. OF PA. WEB PORTAL, https://ujsportal.pacourts.us/CaseSearch (go to "Search By" and select "Participant Name"; select "Blair" under "County", enter "Mollett" under "Participant Last Name", enter "Timothy" under "Participant First Name", and select "Search"; and select icon for "Court Summary" across from Docket Number "CP-07-CR-0000551-2019").

the use of firearms for unlawful purposes (such as furthering drug trafficking) rather than for self-defense." (ECF No. 1675 at 18).

In addressing this issue, the Court begins by reiterating that "*Heller* and *McDonald* recognized that the 'Second and Fourteenth Amendments protect the right of *an ordinary, law-abiding citizen* to possess a handgun in the home *for self-defense*.'" *United States v. Birry*, No. 3:23-CR-288, 2024 WL 3540989, at *3 (M.D. Pa. July 25, 2024) (quoting *Bruen*, 597 U.S. at 9) (emphasis added). *Bruen* then "recognized that the Second Amendment right extends to 'an individual's right to carry a handgun *for self-defense* outside the home.'" *Id.* (quoting *Bruen*, 597 U.S. at 10) (emphasis added). And *Range II* recognized that the Second Amendment right extends to an individual's right to possess a rifle to hunt. *Range v. Attorney General*, 124 F.4th 218, 228 (3d Cir. 2024) ("[Mr.] Range's request—to posses a rifle to hunt and a shotgun to defend himself at home—tracks the constitutional right as defined by *Heller*.").

Unlike the conduct that the Supreme Court and Third Circuit have recognized to be protected by the Second Amendment (possessing a handgun or shotgun for self-defense or a rifle for hunting), the Grand Jury in this case found that Mr. Mollett possessed at least one of the firearms at issue in furtherance of a drug trafficking crime, which is conduct that is clearly not protected by the Second Amendment.[4] *United States v. Rahimi*, 602 U.S. 680, 691 (2024) ("In *Heller*, this Court held that the right [secured by the Second Amendment] applied to ordinary citizens within the home. Even as we did so, however, we recognized that the right was never thought to

---

[4] Indeed, the Superseding Indictment indicates that Mr. Mollett used and intended to use "the firearms and ammunition listed and referenced in" Counts XIII and XIV to "commit and to facilitate the commission of" the violations set forth in those Counts. (ECF No. 453 at 26). Therefore, because Count XIII sets forth firearms and Count XIV does not, (*id.* at 15–16), the Court finds that the two Counts reference at least some of the same firearms.

sweep indiscriminately. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.") (internal quotation marks and citation omitted); *United States v. Underwood*, No. 23-CR-35, 2025 WL 417276, at *9 (W.D. Pa. Feb. 6, 2025) (stating that the defendant's "actual conduct is the focus for analysis" relative to a motion to dismiss a Section 922(g)(1) charge as violative of the Second Amendment); *United States v. Waulk*, No. 3:20-CR-31-1, 2024 WL 3937489, at *6 (W.D. Pa. Aug. 26, 2024) ("Thus, while [defendant] may be among 'the people' protected by the Second Amendment, his conduct at issue in the present case—possessing a firearm in furtherance of a drug trafficking crime—falls firmly outside the ambit of the 'conduct' to which the Second Amendment's protection applies."); *Birry*, 2024 WL 3540989, at *6 ("Furthermore, conduct that triggers application of Section 924(c) [the provision criminalizing possessing a firearm in furtherance of a drug trafficking crime] falls well outside the protection of the Second Amendment because there is no lawful purpose in possessing a firearm to further drug trafficking.") (cleaned up) (internal quotation marks and citation omitted).

Likewise, Mr. Mollett was on probation at the time he possessed the firearms and ammunition set forth in Count XIII, *see supra* Section III.C, and the Grand Jury found that he engaged in a large-scale drug distribution conspiracy during the same timeframe that he possessed those firearms and that ammunition. (*See* ECF No. 453). Therefore, the Court finds that Mr. Mollett's as-applied challenge to the charge at Count XIII fails on the ground that his actual conduct—possessing the firearms at Count XIII in furtherance of a drug trafficking crime (namely

his activities within a large-scale drug conspiracy) and while on probation—is clearly not protected by the Second Amendment.

### 2. Even if Mr. Mollett's Conduct Were Protected, His As-Applied Challenge Would Still Fail

Assuming without deciding that Mr. Mollett's conduct was protected by the Second Amendment, the Government would then have to "'demonstrat[e] that [its regulation] is consistent with the Nation's historical tradition of firearm regulation.'" *United States v. Moore*, 111 F.4th 266, 269 (3d Cir. 2024) (quoting *Bruen*, 597 U.S. at 24). To do so, it "must 'identify a well-established and representative historical analogue,' which need not be 'a historical twin' or a 'dead ringer.'" *Id.* (quoting *Bruen*, 597 U.S. at 30).

In analyzing the Government's proposed historical analogues, a court must:

> "[A]scertain whether the [challenged] law is 'relevantly similar' to laws that our tradition is understood to permit." *Rahimi*, 602 U.S. at 692 (quoting *Bruen*, 597 U.S. at 29). "*Why* and *how* the regulation burdens the right are central to this inquiry." *Id.* (emphasis added). As compared to its historical analogue, a modern regulation must "impose a comparable burden on the right of armed self-defense, and ... that burden [must be] comparably justified." *Bruen*, 597 U.S. at 29. In other words, a modern firearms regulation passes constitutional muster only if it is "consistent with the principles that underpin our regulatory tradition." *Rahimi*, 602 U.S. at 692.

*Moore*, 111 F.4th at 269.

For the following two reasons, the Court finds that Section 922(g)(1) is consistent with the Nation's historical tradition of firearm regulation as applied to Mr. Mollett.

The first reason is that Mr. Mollett was on probation when he possessed the firearms and ammunition set forth in Count XIII. *See supra* Section III.C. As the Court noted above, the Third Circuit recently addressed the question of whether the Second Amendment permits the Government to disarm a convict serving "a sentence of state parole or probation, even if not

preceded by imprisonment." *United States v. Quailes*, 126 F.4th 215, 220 (3d Cir. 2025). In answering that question, the Third Circuit concluded that this "Nation's history demonstrates a longstanding and uninterrupted tradition of disarming convicts still serving a criminal sentence." *Id.* at 221. Therefore, because "parolees and probationers" are "still serving their sentences, the Second Amendment affords them no protection." *Id.* at 223. Accordingly, this Court holds that, because Mr. Mollett was on probation when he possessed the firearms set forth in Count XIII of the Superseding Indictment, *see supra* Section III.C, Section 922(g)(1) is constitutional as-applied to him. *Quailes*, 126 F.4th at 223 (finding that Section 922(g)(1) was constitutional as applied to a defendant on probation when he possessed a firearm).

The second reason Mr. Mollett's as applied challenge fails is that he presented a special danger of misusing firearms when he possessed the firearms and ammunition set forth in Count XIII. The Third Circuit has explained that, while *Rahimi* and *Range II* "did not purport to comprehensively define the metes and bounds of justifiable burdens on the Second Amendment right, they do, at a minimum, show that disarmament is justified as long as a felon continues to 'present a special danger of misus[ing] firearms.'" *Pitsilides v. Barr*, ---F.4th---, 2025 WL 441757, at *5 (3d Cir. Feb. 10, 2025) (quoting *Rahimi*, 602 U.S. at 698). In other words, when "he would likely 'pose[] a physical danger to others' if armed[.]'" *Id.* (quoting *Range II*, 124 F.4th at 232).

In further interpreting these principles, the Third Circuit has indicated that "some offenses *may* offer conclusive evidence that someone poses a danger[.]" *Id.* at *6 (citing *United States v. Williams*, 113 F.4th 637, 663 (6th Cir. 2024) (emphasis added). In *Williams*, the case to which the *Pitsilides* Court cited, the Sixth Circuit held that a:

> [P]erson convicted of a crime is "dangerous" and can thus be disarmed, if he has committed (1) a crime "against the body of another human being," including (but not limited to) murder, rape, assault, and robbery, or (2) a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary.

*Williams*, 113 F.4th at 663.

Applying these principles to Mr. Mollett, the Court concludes that Section 922(g)(1) is constitutional. Indeed, as the Court noted above, Mr. Mollett has three convictions for "manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance[.]" (ECF No. 453 at 15). And Mr. Mollett was adjudged guilty of these offenses in September 2019, less than two years before he allegedly possessed the firearms enumerated in the Superseding Indictment. (*Id.*). Accordingly, given the severity, nature, and recency of these convictions, the Court concludes that Mr. Mollett presented a special danger of misusing firearms, and was thus subject to disarmament under the Second Amendment, at the time he possessed the firearms and ammunition listed in Count XIII. *Pitsilides*, 2025 WL 441757, at *5–7 (noting that, although "residential burglary and drug dealing are not necessarily violent, they are dangerous because they often lead to violence") (internal quotation marks and citation omitted); *United States v. Birry*, No. 3:23-CR-288, 2024 WL 3540989, at *7–8 n.5 (M.D. Pa. July 25, 2024) (citing a prior judicial opinion as further historical support for its conclusion and also finding that defendant's as-applied challenge to a Section 922(g)(1) charge failed where the defendant had two prior convictions for possession with intent to distribute methamphetamine).

Therefore, for all of the foregoing reasons, the Court finds that Mr. Mollett's challenge to the constitutionality of Section 922(g)(1) as applied to him, fails.

### 3. Mr. Mollett's Remaining Arguments Are Unavailing

The Court now addresses Mr. Mollett's remaining arguments—that Section 922(g)(1) is facially unconstitutional, that it is void for vagueness, and that it is rooted in an unduly expansive view of Congress's Commerce Clause power. (*See* ECF No. 1600).

With respect to the issue of the facial constitutionality of Section 922(g)(1), because that statute is constitutional as applied to Mr. Mollett, "he has not shown that 'there is no set of circumstances,' under which the statute may be applied constitutionally." *United States v. Mitchell*, 652 F.3d 387, 405, 415 (3d Cir. 2011) ("A party asserting a facial challenge must establish that no set of circumstances exists under which the [statute] would be valid.") (internal quotation marks and citation omitted). Therefore, the Court finds unavailing Mr. Mollett's contention that Section 922(g)(1) is facially unconstitutional. *United States v. Johnson*, 2:24-CR-127, 2025 WL 276752, at *4 (W.D. Pa. Jan. 23, 2025) (finding that defendant's facial challenge to Section 922(g)(1) failed because defendant's as-applied challenge failed).

Turning to Mr. Mollett's contention that Section 922(g)(1) is void for vagueness, this Court agrees with other courts' holdings that "'Section 922(g)(1) is not vague as it clearly bars the possession of a firearm by any person who has previously been convicted of a crime punishable by more than one year in prison (or of certain misdemeanors as specifically defined)." *Id.* (quoting *United States v. Ames*, No. 23-CR-178, 2023 WL 5538073, at *3 (E.D. Pa. Aug. 28, 2023)). Further, because Section 922(g)(1) contains a *mens rea* element (the Government must prove that the defendant actually knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year), it is "less likely that a defendant will be convicted for an action that he or she committed by mistake." *United States v. Fullmer*, 584 F.3d 132, 152 (3d Cir. 2009). Such

fact alleviates vagueness concerns. *Id.* Therefore, the Court deems this argument unavailing as well.

Finally, Mr. Mollett's argument that Section 922(g)(1) is a violation of the Constitution's Commerce Clause is likewise unavailing, as the argument is foreclosed by binding precedent. *See United States v. Singletary*, 286 F.3d 196, 204 (3d Cir. 2001). Mr. Mollett recognizes such precedential foreclosure in his Motion. (ECF No. 1600 at 9).

Accordingly, because each of Mr. Mollett's arguments is unavailing, the Court denies his Motion to Dismiss Count XIII of the Superseding Indictment. (ECF No. 1600).

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:21-cr-16-21 |
| | ) | |
| v. | ) | JUDGE MARILYN J. HORAN |
| | ) | |
| TIMOTHY MOLLETT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, to wit, this 20th day of February, 2025, upon consideration of Defendant Timothy Mollett's ("Mr. Mollett") Motion to Dismiss Count Thirteen ("Count XIII") of the Superseding Indictment, (ECF No. 1600), and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that the Motion at ECF No. 1600 is **DENIED**.

BY THE COURT:

*/s/ Marilyn J. Horan*
**MARILYN J. HORAN**
**UNITED STATES DISTRICT JUDGE**

-17-